# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

VIRGINIA CALL, Administratrix for
the Estate of Dwight E. Call, Deceased,
and VIRGINIA CALL, Individually,

      Plaintiffs,

v.    Case No. 3:07-CV-188
    Judge Robert Chambers

AMERICAN INTERNATIONAL GROUP, INC., a/k/a
AMERICAN INTERNATIONAL COMPANIES;
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA; and
AIG DOMESTIC CLAIMS, INC., d/b/a
AIG CLAIMS SERVICES, INC.

      Defendants.

## PLAINTIFF'S MOTION TO STRIKE EXHIBIT F FROM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES the plaintiff, Virginia Call, individually and as Administratrix of the Estate of Dwight E. Call, deceased, by counsel, Mundy & Nelson, and respectfully moves this Court to strike Exhibit F from Defendants' Motion for Partial Summary Judgment, the medical records of Dwight Call. In support of this Motion, the plaintiff states as follows.

1. The plaintiff filed this civil action alleging breach of contract as well as violations of the West Virginia Unfair Claims Settlement Practices Act for the handling and denial of the plaintiff's claim for insurance benefits pursuant to an accidental death or disability policy. See, Complaint, filed herein.

2. On June 2, 2006, through counsel, the plaintiff presented a claim to National Union through its agent, Palomar Insurance Corporation, and provided the defendants with a copy of the death certificate of Mr. Call. See, Letter to Palomar Insurance Corporation, dated June 2, 2006, attached as Exhibit A.

3. Likewise, on June 12, 2006, the plaintiff provided National Union through Palomar, with a list of Dwight Call's treating physicians. See, Letter to Sonya Berryman, dated June 12, 2006, attached as Exhibit B.

4. After repeatedly requesting that the defendants make a decision on the plaintiff's claim, and after repeatedly receiving no response, on February 16, 2007, the plaintiff filed the present suit.

5. Finally, on March 29, 2007, over nine (9) months after the initial claim was filed, and only after Mrs. Call was required to institute litigation, the defendants took action with respect to her claim, at which time, the defendants denied Mrs. Call's claim. See, Denial Letter, attached as Exhibit B.

6.   Importantly, during the nine (9) months in which the defendants refused to take any action with respect to Mrs. Call's claim, only a minimal investigation was done.

7.   On February 28, 2008, the plaintiff took the deposition of Myra Zimmerman, the individual who was the manager of the Accidental Death and Dismemberment Claims Unit at AIG Domestic Claims, Inc. (hereinafter sometimes referred to as "AIGDC") during the handling of Mrs. Call's claim for insurance benefits.  See, Deposition of Myra Zimmerman, p. 7-8, attached as Exhibit C.

8.   Ms. Zimmerman testified that on the claim form provided to AIGDC, Mrs. Call listed three (3) physicians and provided a medical release.  Id. at p. 11-12.

9.   However, Ms. Zimmerman testified that AIGDC failed to contact any of the treating physicians for Mr. Call, although the information was relevant and readily available to AIGDC.  Id. at p. 12-13.

10.   Ms. Zimmerman was questioned regarding the investigation:

   **Question** -   Can we agree that AIG's investigation was not based upon all the available evidence?

   **Answer** -   Yes, sir.

Id. at p. 13.

11.     Obviously, AIGDC denied Mrs. Call's claim without conducting an investigation based upon all available evidence, and specifically failed to obtain Dwight Call's medical records prior to making a determination that his claim was not covered pursuant to the insurance policy at question.

12.     However, during the discovery in the present action, AIGDC finally undertook to obtain the medical records of Mr. Call.

13.     Importantly, AIGDC has now submitted Mr. Call's medical records to this Court to justify their denial of Mrs. Call's claim for insurance benefits.

14.     In fact, the defendants have requested that this Court grant it summary judgment based upon those records.  See, Defendants' American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, PA., and AIG Domestic Claims, Inc., Motion for Partial Summary Judgment, at Exhibit F, filed herein.

15.     However, using Dwight Call's medical records obtained during a post-denial investigation of Mrs. Call's claim is improper, and therefore, the plaintiff would request that this Court strike Exhibit F, as well as any other medical records which were not in possession of the defendants at the time they denied the claim, from the record.

16.     It is improper for an insurance company to rely upon subsequently obtained information to justify their denial pursuant to an insurance policy.  Viles v. Security National Ins. Co., 788 S.W.2d 566 (Tex. 1990); Harbor Ins. Co. v. Urban Construction Co., 990 F.2d 195 (5th Cir. Tex. 1993); Lafarge Corp. v. National Union Fire Ins. Co., 935 F. Supp. 675 (4th Cir. Md. 1996).

17.     Likewise, in the context of the Employee Retirement Income Security Act ("ERISA"), a court's review is limited to the information a plan administrator had at the time of denying a claim for benefits.  Berry v. Ciba-Geigy, 761 F.2d 1003 (4th Cir. 1985); Offenberg v. UMUM Life Ins. Co. of America, 986 F. Supp. 351, 354 (S.D. W.Va. 1997).

18.     Just as a plan administrator in an ERISA case may not be punished for information which was not provided by the claim beneficiary, a plaintiff in the context of an insurance claim should not be punished by the post denial investigation conducted by the insurer.

19.     This logic is consistent with West Virginia law which prohibits an insurance company from attempting to devalue an insured property by investigating the worth of the property after a policy has already been written and a loss claimed.  Filiatreau v. Allstate Ins. Co., 178 W.Va. 268, 358 S.E.2d 829 (1987).

20.     This type of conduct is precisely what the West Virginia Unfair Claims Settlement Practices Act aims to prevent, denying claims and then, only if suit is filed, conducting an investigation.

21.     Just as ERISA is intended to protect a plan administrator from undue burden, the West Virginia Unfair Claims Settlement Practices Act is designed to protect insureds from companies denying claims without conducting a reasonable investigation based upon all available information.  W.Va. Code § 33-11-4(9)(d).

22.     Likewise, the defendants are requesting that this Court rely upon the information to support their improper decision, when they did not even have that information at the time the decision was made.

23.     Essentially, the defendants want this Court to reward them for violating the Unfair Claims Settlement Practices Act by relying on information which they did not bother to obtain prior to denying the plaintiff's claim.

WHEREFORE, the plaintiff, Virginia Call, individually and as Administratrix of the Estate of Dwight E. Call, respectfully requests that this Court strike Mr. Call's medical records from the record, and for such further relief that this Court deems appropriate.

          VIRGINIA CALL, INDIVIDUALLY
          AND AS ADMINISTRATRIX FOR
          THE ESTATE OF DWIGHT
          CALL, DECEASED,

          BY COUNSEL

**s/James A. Spenia**
West Virginia State Bar # 9487
Attorney for Plaintiff
MUNDY & NELSON
Post Office Box 2986
Huntington, West Virginia  25728
Telephone:   (304) 525-1406
Fax:              (304) 525-1412
E-mail:   jaspenia@mundynelson.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

VIRGINIA CALL, Administratrix for
the Estate of Dwight E. Call, Deceased,
and VIRGINIA CALL, Individually,

        Plaintiffs,

v.                                                    Case No. 3:07-CV-188
                                                       Judge Robert Chambers

AMERICAN INTERNATIONAL GROUP, INC., a/k/a
AMERICAN INTERNATIONAL COMPANIES;
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA; and
AIG DOMESTIC CLAIMS, INC., d/b/a
AIG CLAIMS SERVICES, INC.

        Defendants.

## CERTIFICATE OF SERVICE

    I, James A. Spenia, attorney for the plaintiff, hereby certify that a true copy of

**PLAINTIFF'S MOTION TO STRIKE EXHIBIT F FROM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** has been electronically served upon the following counsel of record, this 6th day of May, 2008, via the CM/ECF System.

Don C. A. Parker, Esquire
Angela D. Herdman, Esquire
Spilman, Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Post Office Box 273
Charleston, West Virginia 25321-0273
Telephone:   (304) 340-3800
Fax:   (304) 340-3801

**s/ James A. Spenia**
William L. Mundy
West Virginia State Bar # 2678
James A. Spenia
West Virginia State Bar # 9487
Attorneys for Plaintiff
MUNDY & NELSON
Post Office Box 2986
Huntington, West Virginia 25728
Telephone: (304) 525-1406
Fax: (304) 525-1412
E-mail: jaspenia@mundynelson.com