IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**VIRGINIA CALL, Administratrix for
the Estate of Dwight E. Call, Deceased,
and VIRGINIA CALL, Individually,**

  **Plaintiffs,**

v.              Case No.  3:07-CV-00188
                 (Judge Chambers)

**AMERICAN INTERNATIONAL GROUP, INC., a/k/a
AMERICAN INTERNATIONAL COMPANIES;
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA; and
AIG DOMESTIC CLAIMS, INC., d/b/a
AIG CLAIMS SERVICES, INC.**

  **Defendants.**

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO STRIKE AFFIDAVIT OF ANGELA HERDMAN

COME NOW Defendants American International Group, Inc. ("AIG, Inc."), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), and AIG Domestic Claims, Inc. ("AIGDC") (collectively "Defendants"), by counsel, and for their response in opposition to Plaintiff's Motion to Strike Affidavit of Angela Herdman, state as follows:

### INTRODUCTION

Dwight Call was a trucker and was an insured under a Truckers Occupational Accident Insurance policy, policy number TRK 9061239, underwritten by National Union.  Plaintiff made a claim for accidental death benefits under the subject insurance for the death of her husband, Dwight Call.  AIGDC is a claim handling entity for National Union and handled Plaintiff's claim for accidental death benefits.

Mr. Call suffered a heart attack and died while he was standing next to his truck and a liquid dye, which he was delivering to a Louisiana business, was electrically pumped from his

truck into a storage tank. The death certificate listed the cause of death as acute myocardial infarction (more commonly known as a heart attack) secondary to coronary heart disease.

AIGDC denied Plaintiff's claim for benefits because Mr. Call's heart attack and death did not trigger the material terms of the insuring agreement under the subject insurance policy. Mr. Call's heart attack and death were not the result of an occupational accident, and did not result "directly and independently of all other causes" in his death. Additionally, the insurance policy excludes coverage for an injury caused by sickness or disease. Mr. Call's heart attack and death were specifically excluded under the insurance policy because the heart attack arose out of coronary heart disease.

Plaintiff instituted this civil action and has asked the Court to declare that she is entitled to accidental death benefits for Mr. Call's death.[1] The Plaintiff and the Defendants submitted cross-motions for partial summary judgment regarding the insurance coverage claims. Attached as Exhibit 4 to Plaintiff's motion for partial summary judgment was the affidavit of Glen Hanchey, purporting to contain information regarding the circumstances surrounding Mr. Call's death. The undersigned interviewed Mr. Hanchey on March 28, 2008. The information provided to the undersigned counsel differs substantially from the information contained in Mr. Hanchey's affidavit submitted by Plaintiff.

As a result of the inconsistent information provided by Mr. Hanchey, the undersigned counsel submitted an affidavit, attached as Exhibit G to the Defendants' opposition response to Plaintiff's Motion for Partial Summary Judgment. The undersigned counsel also requested that, if the Court included Mr. Hanchey's affidavit in its consideration of the coverage claims, the Court would allow the parties to depose Mr. Hanchey in accordance with Federal Rules of Civil

---

[1] Plaintiff also asserts in her Complaint that the Defendants: 1) breached the insurance contract; 2) violated the West Virginia Unfair Trade Practices Act and the related West Virginia insurance regulations; and, 3) violated the implied covenant of good faith and fair dealing.

Procedure, Rules 56(e) and (f), to determine what Mr. Hanchey's testimony actually is.

In her Motion to Strike, Plaintiff has requested the Court strike Ms. Herdman's affidavit on the grounds that the affidavit is based on hearsay. Plaintiff's Motion to Strike is unsupported by any law, and therefore, Defendants respectfully submit that Plaintiff's Motion should be denied.

## ARGUMENT

The Plaintiff contends that the affidavit does not comport with Rule 56(e) because the affidavit is not based on Ms. Herdman's personal and is based on hearsay. Plaintiff misapplies the law and the facts. Ms. Herdman's affidavit is based on her personal knowledge of information conveyed to her in a telephone conversation. Additionally, the affidavit is not based on hearsay because the information conveyed by Mr. Hanchey to Ms. Herdman is not offered for the truth of the matter asserted. It is offered to impeach the affidavit testimony of Mr. Hanchey.

**A.    The affidavit is based on Ms. Herdman's personal knowledge.**

Ms. Herdman's affidavit is based on her personal knowledge of information conveyed to her in a telephone conversation.

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.

Fed.R.Civ.Pro. Rule 56(e)(1).

The affidavit is based on the personal knowledge of Ms. Herdman as a participant in a telephone conversation with Glen Hanchey. Ms. Herdman spoke with Mr. Hanchey on March 28, 2008, asking about the circumstances surrounding Mr. Call's death. The affidavit contains Ms. Herdman's personal knowledge of what Mr. Hanchey said to Ms. Herdman during that telephone conversation. The affidavit does not address the veracity of the information provided

3

by Mr. Hanchey. Instead, the affidavit merely contains a recitation, based on Ms. Herdman's personal knowledge, of the information conveyed by Mr. Hanchey to Ms. Herdman.

### B. The testimony contained in Ms. Herdman's affidavit is not hearsay, and is therefore admissible.

The recitation of the statements that Mr. Hanchey made to Ms. Herdman is not offered to prove the truth of the matter asserted, and therefore, is not hearsay. Hearsay is:

> [A] statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Fed. R. Evid. 801(c) (emphasis added).

Ms. Herdman's affidavit is offered to prove that Mr. Hanchey made some statements to Ms. Herdman which conflict with Mr. Hanchey's affidavit submitted by the Plaintiff. Ms. Herdman's affidavit is not offered to prove that the information Mr. Hanchey conveyed to Ms. Herdman is the truth. Indeed, Mr. Hanchey's veracity is the crux of Defendants' request, in their opposition response to Plaintiff's Motion for Partial Summary Judgment, that the parties should depose Mr. Hanchey to determine what he testimony really is. Ms. Herdman's affidavit merely points out that an issue exists regarding what Mr. Hanchey's testimony actually is -- whether his testimony is that contained in the affidavit supplied by Plaintiff, the information Mr. Hanchey provided to Ms. Herdman, or another story altogether. Because the statements contained in Ms. Herdman's affidavit are not offered to prove the truth of the information conveyed by Mr. Hanchey, but to merely show that Mr. Hanchey provided conflicting information to Ms. Herdman, the affidavit is not based on hearsay. Therefore, the affidavit contains admissible evidence based on Ms. Herdman's personal knowledge of a telephone conversation with Mr. Hanchey. Ms. Herdman's affidavit should not be stricken, and Plaintiff's motion should be denied.

4

## **CONCLUSION**

Ms. Herdman's affidavit is based on her personal knowledge of the contents of a telephone conversation with Glen Hanchey. Furthermore, the recitation of the information Mr. Hanchey conveyed to Ms. Herdman is not offered for the truth of Mr. Hanchey's statements, but rather as proof that the statements were made, and are inconsistent with his affidavit submitted as Exhibit 4 to Plaintiff's Motion for Partial Summary Judgment. Therefore, Plaintiff's Motion to Strike should be denied and Ms. Herdman's affidavit should not be stricken.

**AMERICAN INTERNATIONAL GROUP, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; and AIG DOMESTIC CLAIMS, INC.**

By: Spilman Thomas & Battle, PLLC

    /s/ Angela D. Herdman
Don C. A. Parker (WV Bar # 7766)
Angela D. Herdman (WV Bar # 8585)
P. O. Box 273
Charleston, WV  25321-0273
(304) 340-3800
(304) 340-3801 *Facsimile*
[aherdman@spilmanlaw.com](aherdman@spilmanlaw.com)

# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT HUNTINGTON

**VIRGINIA CALL, Administratrix for
the Estate of Dwight E. Call, Deceased,
and VIRGINIA CALL, Individually,**

    Plaintiffs,

v.                                          Case No. 3:07-CV-00188
                                                (Judge Chambers)

**AMERICAN INTERNATIONAL GROUP, INC., a/k/a
AMERICAN INTERNATIONAL COMPANIES;
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA; and
AIG DOMESTIC CLAIMS, INC., d/b/a
AIG CLAIMS SERVICES, INC.**

    Defendants.

## CERTIFICATE OF SERVICE

I, Angela D. Herdman, hereby certify that on May 20, 2008, I electronically filed **Defendants' Response to Plaintiff's Motion to Strike Affidavit of Angela Herdman** with the Clerk of the Court using the CM/ECF system which will send notification of the same to the following:

    William L. Mundy, Esq.
    James A. Spenia, Esq.
    Mundy & Nelson
    P.O. Box 2986
    Huntington, WV 25728
        *Counsel for Plaintiffs*

                                /s/ Angela D. Herdman
                              Don C. A. Parker (WV Bar # 7766)
                              Angela D. Herdman (WV Bar # 8585)
                              Spilman Thomas & Battle, PLLC
                              P. O. Box 273
                              Charleston, WV 25321-0273
                              (304) 340-3800; (304) 340-3801 (fax)
                              aherdman@spilmanlaw.com